GREENBERG TRAURIG, LLP
Ian S. Marx
Lori G. Singer
200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410

GREENBERG TRAURIG, LLP
Ian C. Ballon (*pro hac vice application to be filed*)
1900 University Avenue, Fifth Floor
East Palo Alto, California  94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

*Attorneys for Plaintiff*
*Global Ground Automation, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOBAL GROUND AUTOMATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> APURVA PATEL, an individual, ORISSA HOLDINGS, LLC, individually and dba GROUNDWIDGETS, <br><br><br> Defendants. | Civ. No. <br><br><br> **COMPLAINT** |

## INTRODUCTION

1.      Plaintiff Global Ground Automation, Inc. ("GGA" or "Plaintiff"), for its

Complaint against Defendants Apurva Patel ("Patel"), Orissa Holdings, LLC ("Orissa"), and

GroundWidgets, Inc. (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

2.      This is an action for false advertising and copyright infringement pursuant to 15 U.S.C. § 1125(a) of the Trademark Act of 1946 (the "Lanham Act") and the Copyright Act of 1976, as well as for tortious interference.

3.      Defendants are direct competitors of Plaintiff.  Defendants made statements that were materially false and misleading and likely to deceive Plaintiff's customers or potential customers into believing that Defendants' products are affiliated with, related to, sponsored by, connected with or approved by Plaintiff.   In addition, upon information and belief, Defendants, in violation of federal law, as well as the Intellectual Property Agreement and the Confidentiality, Nondisclosure, and Invention agreement (both agreements described more particularly below) entered into with Ground Travel Technology Team, Inc. ("GT3"), predecessor to Plaintiff, blatantly misappropriated Plaintiff's valuable intellectual property rights in proprietary and copyrighted source code and documentation developed by or for Plaintiff. Accordingly, Plaintiff seeks a preliminary and permanent injunction, corrective advertising and/or marketing, and compensatory damages and/or statutory damages for willful infringement and inducement  of breach of contract, as well as attorneys' fees and costs and such further or other relief as the Court deems just and proper.

## PARTIES

4.      Plaintiff Global Ground Automation, Inc. is a Delaware corporation with its principal place of business located at 333 Meadowlands Parkway, 1st Floor, Secaucus, New Jersey 07094.

5.      Upon information and belief, defendant Apurva Patel is a resident of Armonk, New York.

6.      Upon information and belief, defendant Orissa Holdings, LLC, individually and d/b/a GroundWidgets, Inc., is a New Jersey corporation with its principal place of business located at 1 Kalisa Way, Suite 310, Paramus, NJ 07652.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as certain of Plaintiff's claims arise under the laws of the United States, and pursuant to 28 U.S.C. § 1367(a), as Plaintiff's state law claim is so related to Plaintiff's federal law claims that the state law claim forms part of the same case or controversy.

8.      This Court has personal jurisdiction over Defendants, because Defendants conduct business, offer for sale or license, and sell or license their products in the State of New Jersey. Upon information and belief, defendant Apurva Patel is a Managing Member of Orissa Holdings, LLC and Chairman and CEO of GroundWidgets, both of which are located in New Jersey. Additionally, upon stipulation of the Parties, this Court has personal jurisdiction over Defendants.

9.      Venue is proper in the District pursuant to 28 U.S.C. § 1391 (b)(2), as a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTS

**Plaintiff's Confidential and Copyrighted Information**

10.     Plaintiff is a pioneer in the ground transportation reservation services industry. Over the years, Plaintiff has developed considerable and valuable intellectual property, including proprietary source codes and documentation, computer programs, service platforms and data compilations relating to its business.

11.     In particular, Plaintiff developed Saturn Reserve System ("Saturn"), an electronic transportation reservation platform and booking system stored on Plaintiff's computer systems, and/or computer networks, including Plaintiff's servers.  The data contained on Saturn is not readily available to the public, and the compilation and configuration of the data, all of which is compiled and configured by Plaintiff, is proprietary to Plaintiff.  Plaintiff expends considerable time, money, effort, and other non-economic resources obtaining and maintaining the Saturn content.  Plaintiff has obtained and registered United States Copyrights, Certificates of Registration TX 8 – 070 – 120, TX 8 – 069 – 463, TX 8 – 004 -- 772 and TXu 1 – 925 – 049, for Saturn to protect the system from unauthorized use and infringement  (collectively, "the Saturn Copyrights").  True and correct copies of the Saturn Copyrights are attached hereto as Exhibit "A."

12.     Plaintiff also developed a back office management system and the source code and documentation for that system, called Odyssey, which, among other things, enable customers to access Saturn content.  Plaintiff obtained and registered United States Copyrights, Certificates of Registration TX 7 – 971 – 030 and TX 7 – 971 – 027, for the Odyssey source code to protect the source code from unauthorized use and infringement (collectively, "the Odyssey Copyrights").  True and correct copies of the Odyssey Copyrights are attached hereto as Exhibit "B."

13.     Odyssey and Saturn, respectively, are licensed to Plaintiff's customers under strict confidentiality constraints and obligations.  Among other things, Plaintiff's customers are contractually restricted from sharing Plaintiff's confidential and copyrighted information with third parties without Plaintiff's prior consent and agreement, and without the third party's express agreement to maintain the confidentiality of the information and to abide by specified

use restrictions. The license agreements also reserve Plaintiff's enforcement rights for any violation of the license agreements.

**Defendants' Relationship With Plaintiff**

14.    In 2002, Patel became the CEO of GT3.

15.    Like all employees of GT3, Patel was required to execute a Confidentiality, Nondisclosure, and Invention agreement ("Confidentiality Agreement"), which contains the following express covenants, all of which survive termination of the Confidentiality Agreement: (i) source code, computer programs, designs, models, processes, algorithms, techniques, and similar technology developed by GT3 are trade secrets of GT3 and accordingly deemed "Confidential Information" that must be maintained in strict secrecy; (ii) all inventions made or conceived by GT3's employees, including source code, object code, computer program listings, software engineering, designs, algorithms, etc. are assigned to and exclusively owned by GT; and (iii) all tangible property related to GT3's business, created or obtained during employment with GT3, must be returned to GT3 at the termination of employment.

16.    Patel also executed an Intellectual Property Agreement ("IP Agreement") pursuant to which he acknowledged and agreed that GT3's proprietary information, including trade secrets, was to remain confidential and that at no time would he use any proprietary information belonging to GT3 for the benefit of any person or entity other than GT3, or disclose such proprietary information to any other person or entity, either during or subsequent to the term of his employment.

17.    During the course of his employment with GT3, Patel helped develop Odyssey and its source code and documentation, which was released for use by GT3's licensed customers

beginning in 2002. In his capacity as co-developer, Patel had access to and intimate knowledge of the Odyssey source code.

18.     On or about January 19, 2007, Patel resigned from GT3.

19.     On July 8, 2008, GT3 became Global Ground Automation, Inc.

20.     Pursuant to both the Confidentiality Agreement and the IP Agreement, the Odyssey source code developed while Patel was employed by GT3 is the property of GT3, now GGA; and Patel is bound by the Confidentiality Agreement and the IP Agreement to maintain proprietary information related to Odyssey and Saturn as confidential and strictly secret and is prohibited from using the Odyssey source code and documentation.

**Defendants' Wrongful Acts**

21.     In 2008, Patel founded Orissa, doing business as GroundWidgets. Patel currently serves as GroundWidgets' Chairman and CEO. This company directly competes with Plaintiff in the ground transportation reservation services industry.

22.     In 2014, GroundWidgets launched Santa Cruz, an office software platform for the ground transportation market that directly competes with Plaintiff's back office products, including Odyssey and, and Odyssey's successor, Voyageur Reserve.  In order to maximize Santa Cruz's utility to customers of the ground transportation industry, integration with Plaintiff's Saturn is desired by customers.

23.      Saturn is a widely used platform and booking system in the ground transportation industry.  It is integrated into travel agencies and other online booking tools, and contains the largest compilation of data for chauffeured ground transportation availability and rates for the bulk of industry providers.

24.     Upon information and belief, to induce Plaintiff's customers and prospective customers to purchase the Santa Cruz platform, Defendants began to falsely claim or otherwise advertise that Defendants had obtained, or were about to obtain, a license from Plaintiff to use Santa Cruz to access Saturn.  As a result of Defendants' intentional and material misrepresentations, current and prospective customers have decided to transfer from Plaintiff's services to Defendant's services, including the licensing and use of Santa Cruz.

25.     Defendants did not receive any license, authorization, permission or consent to use the Saturn Copyrights or to advertise, market, promote and/or offer access to Saturn, and their misrepresentations to the contrary were material, intentional and willful.

26.     Defendant's advertising, marketing, promotion, or offer for access to Saturn in connection with the sale of Santa Cruz is likely to confuse, mislead or deceive the consuming public.

27.     In addition, upon information and belief, Defendants have been knowingly, willfully, intentionally and wrongfully using and/or reproducing the Odyssey source code and documentation to: (i) bridge GroundWidgets' back office products with Saturn, (ii) obtain access to Saturn data content and retrieve Saturn data content; and (iii) provide support and maintenance to Odyssey customers.

28.     Such action is a knowing, willful and in conscious disregard for Plaintiff's intellectual property rights, and constitutes copyright infringement.

29.     Defendants' false advertising and posited infringing conduct has inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Plaintiff.

## COUNT I

**(False Advertising in Violation of the Lanham Act, 15 U.S. C. § 1125 (a)(1)(A), (B))
(Against All Defendants)**

30.     Plaintiff realleges and incorporates by reference each of the allegations in Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.     Defendants have used and are using Plaintiff's Saturn booking platform in connection with Defendants' advertising of the Santa Cruz product.  Specifically, to induce customers to purchase the Santa Cruz product, Defendants are falsely advertising that they are licensed, or will be licensed, to access and use Saturn.  Defendants' have no license, nor will they be provided with a license to access or use Saturn, and their statements are likely to cause confusion or mistake and to deceive customers as to the affiliation, connection and association of Defendants or Santa Cruz with Plaintiff or Saturn, or as to the origin, sponsorship, or approval of Santa Cruz by Plaintiff.

32.     Defendants' acts violate the Lanham Act, 15 U.S. C. § 1125 (a)(1)(A), (B).

33.      As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation and good will, and the loss of sales and profits Plaintiff would have made but for Defendants' acts, in an amount to be proven at trial.

34.     Defendants have caused, and will continue to cause, irreparable damage to Plaintiff's business and reputation.  Plaintiff has an insufficient remedy at law to compensate it for the injuries suffered or threatened.  Accordingly, Plaintiff is entitled to injunctive relief.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A.     For compensatory damages in the form of Plaintiff's actual damages or Defendants' profits, such amounts trebled pursuant to 15 U.S.C. Section 1117;

B.     For an order permanently enjoining Defendants, their agents, and all persons acting in concert with them and/or on their behalf from engaging in the unlawful conduct  and false advertising described herein;

C.     For corrective advertising, including an appropriate disclosure to customers and potential customers that Saturn is not available through Santa Cruz;

D.     For reasonable attorneys' fees incurred in bringing and litigating this action;

E.     For costs of suit herein; and

F.     For such further or other relief as the Court deems just and proper.

## COUNT II

**(Copyright Infringement)**
**(Against All Defendants)**

35.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs 1 through 34, as if fully set forth herein.

36.     Plaintiff is the owner of and sole entity authorized to control and administer the Saturn and Odyssey Copyrights, attached hereto as Exhibits A and B.

37.     Plaintiff has never granted Defendants, any license to access, use, reproduce or otherwise exploit the Saturn and/or Odyssey Copyrights.

38.     Upon information and belief, Defendants' unauthorized use and/or reproduction of the Odyssey source code, Odyssey documentation and Saturn content constitute, and will continue to constitute, infringement of Plaintiff's exclusive rights in and to the Saturn and/or

Odyssey Copyrights.  Defendants have unlawfully derived and will continue to derive income and profits from their infringing acts and Plaintiff has sustained and will continue to sustain substantial injury, loss and damage therefrom.

39.     Upon information and belief, Defendants' infringement is willful in that they knowingly violated Plaintiff's exclusive, proprietary rights in and to the Saturn and/or Odyssey Copyrights.

40.     As a direct and proximate result of Defendants' acts of copyright infringement, Plaintiff is entitled to a permanent injunction, actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, the maximum statutory damages in the amount of $150,000 with respect to each infringed copyright pursuant to 17 U.S.C. § 504(c).

41.     Plaintiff is additionally entitled to attorneys' fees pursuant to 17 U.S.C. § 505.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A.     For an order adjudging and decreeing that Defendants have infringed each of the Saturn Copyrights and the Odyssey Copyrights, that their infringement was willful, and that they are liable to Plaintiff for damages;

B.     For compensatory damages in the form of Plaintiff's actual damages or Defendants' profits attributable to the infringement;

C.     For an accounting from Defendants of all monies and other benefits received from the theft and misappropriation of Plaintiff's property;

D.     For the maximum statutory damages;

E.      For an order permanently enjoining Defendants, their agents, and all persons

acting in concert with them and/or on their behalf from using, displaying, reproducing or

otherwise exploiting the copyrighted Odyssey and Saturn works;

F.      For reasonable attorneys' fees incurred in bringing and litigating this action;

G.      For costs of suit herein; and

H.      For such further or other relief as the Court deems just and proper.

## COUNT III

### (Tortious Interference)
### (Against All Defendants)

42.      Plaintiff realleges and incorporates by reference each of the allegations in

Paragraphs 1 through 41 as if fully set forth herein.

43.      At all relevant times, binding license agreements existed between Plaintiff and

Plaintiff's customers for access to and use of Plaintiff's proprietary information, and Plaintiff had

a reasonable expectation of obtaining an economic advantage from these and other customers

and potential customers.

44.      Although not parties to the license agreements, at all relevant times, Defendants

knew of the existence of these agreements.

45.      Defendants engaged in the wrongful conduct described above, including falsely

asserting a connection to Plaintiff's Saturn booking platform to sell their Santa Cruz product,

using Plaintiff's customers' access to Plaintiff's software platforms  to obtain unauthorized

access to Plaintiff's computer system and Saturn content, in violation of Plaintiff's customer

license agreements, using and/or reproducing, without authorization, the Odyssey source code

and documentation to provide support and maintenance to Odyssey customers, and inducing

Plaintiff's customers and potential customers to purchase Defendants' services in lieu of

Plaintiff's services.  In so doing, Defendants intentionally, with malice and without justification or excuse, sought to harm Plaintiff and to induce Plaintiff's customers to breach the license agreements and to interfere with Plaintiff's customers and prospective customers.

46.     As a result of Defendants' intentional and wrongful conduct, current and prospective customers have transferred from Plaintiff's services to Defendant's services.

47.     As a proximate result of the conduct of Defendants as alleged herein, Plaintiff was damaged in an amount of which will be proven at time of trial.

48.     Plaintiff is entitled to an award of exemplary or punitive damages in an amount to be determined at trial because Defendants' conduct was malicious and calculated to damage Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A.     For compensatory damages and interest in an amount to be determined at trial;

B.     For punitive damages;

C.     For reasonable attorneys' fees incurred in bringing and litigating this action;

D.     For costs of suit herein; and

E.     For such further or other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims that are triable to a jury.


DATED:  October 9, 2015

GREENBERG TRAURIG, LLP


By:   _s/ Ian S. Marx_____
      Ian S. Marx
      Lori G. Singer
      Ian C. Ballon
*Attorneys for Plaintiff*
*Global Ground Automation, Inc.*

200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301 8410 (fax)

1900 University Avenue, Fifth Floor
East Palo Alto, California  94303
(650) 328-8500
(650) 328-8508 (fax)

# EXHIBIT A

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**TXu 1-925-049**

**Effective Date of Registration:**
February 10, 2015

---

## Title

**Title of Work:** Saturn Reserve

## Completion/Publication

**Year of Completion:** 2014

## Author

- **Author:** Global Ground Automation, Inc.
  **Author Created:** computer program
  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Global Ground Automation, Inc.
333 Meadowlands Parkway, 1st Floor, Secaucus, NJ, 07094

## Limitation of copyright claim

**Material excluded from this claim:** computer program

**New material included in claim:** computer program

## Certification

**Name:** Justin A. MacLean, Esq.
**Date:** February 10, 2015
**Applicant's Tracking Number:** 076840.010023

---



*0000TXU00192504902O2*

**Registration #:**   TXu001925049
**Service Request #:**   1-2130817917

Greenberg Traurig, LLP
Monica Hernandez
1900 University Avenue
5th Floor
East Palo Alto, CA 94303



# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## TX 8-004-772

**Effective Date of Registration:**
April 09, 2015

## Title _____

| | |
|---|---|
| **Title of Work:** | Group registration for automated database entitled "Saturn Database"; published updates from July 1, 2014 through September 30, 2014 |
| **Previous or Alternate Title:** | ID material represents updates of September 1, 2014; updated in real time, several times daily |

## Completion/Publication _____

| | |
|---|---|
| **Year of Completion:** | 2014 |
| **Date of 1st Publication:** | September 01, 2014 |
| **Nation of 1st Publication:** | United States |

## Author _____

| | |
|---|---|
| •   **Author:** | Global Ground Automation, Inc. |
| **Author Created:** | compilation of data |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |

## Copyright Claimant _____

| | |
|---|---|
| **Copyright Claimant:** | Global Ground Automation, Inc. |
| | 333 Meadowlands Parkway, 1st Floor, Secaucus, NJ, 07094 |

## Limitation of copyright claim _____

| | |
|---|---|
| **Material excluded from this claim:** | Database prior to July 1, 2014 |
| **Previously registered:** | No |
| **New material included in claim:** | Revised compilation of data; updated in real time, several times daily |

## Certification _____

| | |
|---|---|
| **Name:** | Justin A. MacLean, Global Ground Automation, Inc. |
| **Date:** | April 03, 2015 |

Page 1 of 1



**Registration #:**    TX0008004772
**Service Request #:**  1-2308320799

Greenberg Traurig, LLP
Monica Hernandez,
1900 University Avenue, 5th Floor
East Palo Alto,, CA 94303



## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## TX 8-069-463

**Effective Date of Registration:**
May 28, 2015

---

## Title
_____

|  |  |
|---|---|
| **Title of Work:** | Group registration for automated database entitled "Saturn Database"; published updates from January 1, 2015 through March 31, 2015; representative date January 7, 2015; updated several times daily |

## Completion/Publication
_____

|  |  |
|---|---|
| **Year of Completion:** | 2015 |
| **Date of 1st Publication:** | January 07, 2015 |
| **Nation of 1st Publication:** | United States |

## Author
_____

|  |  |
|---|---|
| • **Author:** | Global Ground Automation, Inc. |
| **Author Created:** | compilation of data |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |

## Copyright Claimant
_____

|  |  |
|---|---|
| **Copyright Claimant:** | Global Ground Automation, Inc.<br>333 Meadowlands Parkway, 1st Floor, Secaucus, NJ, 07094 |

## Limitation of copyright claim
_____

|  |  |
|---|---|
| **Material excluded from this claim:** | Database prior to January 1, 2015 |
| **Previously registered:** | No |
| **New material included in claim:** | Revised compilation of data; updated in real time, several times daily |

## Certification
_____

|  |  |
|---|---|
| **Name:** | Justin A. MacLean |
| **Date:** | May 20, 2015 |

---

|  |  |
|---|---|
| **Correspondence:** | Yes |



**Registration #:** TX0008069463
**Service Request #:** 1-2437105279

Greenberg Traurig, LLP
Monica Hernandez,
1900 University Avenue,
5th Floor
East Palo Alto,, CA 94303

*0000TX000806946302001*

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
# TX 8-070-120
**Effective Date of Registration:**
May 28, 2015

## Title

**Title of Work:** Group registration for automated database entitled "Saturn Database"; published
updates from October 1, 2014 through December 31, 2014

## Completion/Publication

**Year of Completion:** 2014
**Date of 1st Publication:** October 15, 2014
**Nation of 1st Publication:** United States

## Author

**Author:** Global Ground Automation, Inc.
**Author Created:** compilation of data
**Work made for hire:** Yes
**Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Global Ground Automation, Inc.,
333 Meadowlands Parkway, 1st Floor, Secaucus, NJ, 07094

## Limitation of copyright claim

**Material excluded from this claim:** Database prior to October 1, 2014
**Previously registered:** No

**New material included in claim:** Revised compilation of data; updated in real time, several times daily

## Certification

**Name:** Justin A. MacLean
**Date:** May 20, 2015

**Correspondence:** Yes

Page 1 of 1

*0000TX00080701200202*

**Registration #:**   TX0008070120
**Service Request #:**   1-2437457680

Monica Hernandez, Greenberg Traurig, LLP
1900 University Avenue,
5th Floor
East Palo Alto,, CA 94303



*0001X000807012002201*

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**TX 7-971-027**

**Effective Date of Registration:**
February 10, 2015

## Title _____

| | |
|---|---|
| **Title of Work:** | Odyssey |
| **Previous or Alternate Title:** | January 2007 release |

## Completion/Publication _____

| | |
|---|---|
| **Year of Completion:** | 2007 |
| **Date of 1st Publication:** | January 12, 2007 |
| **Nation of 1st Publication:** | United States |

## Author _____

| | |
|---|---|
| • **Author:** | Ground Travel Technology Team, Inc. |
| **Author Created:** | computer program |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |

## Copyright Claimant _____

| | |
|---|---|
| **Copyright Claimant:** | Global Ground Automation, Inc. |
| | 333 Meadowlands Parkway, 1st Floor, Secaucus, NJ, 07094, United States |
| **Transfer statement:** | By written agreement |

## Limitation of copyright claim _____

| | |
|---|---|
| **Material excluded from this claim:** | computer program |
| **New material included in claim:** | computer program |

## Certification _____

| | |
|---|---|
| **Name:** | Justin A. MacLean, Esq. |
| **Date:** | February 10, 2015 |
| **Applicant's Tracking Number:** | 076840.010023 |


*0000TX0007971027O202*

**Registration #:** TX0007971027
**Service Request #:** 1-2130817671

Greenberg Traurig, LLP
Monica Hernandez
1900 University Avenue
5th Floor
East Palo Alto, CA 94303



*0000TX0007971027020T*

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## TX 7-971-030

**Effective Date of Registration:**
February 10, 2015

---

## Title

**Title of Work:** Odyssey

**Previous or Alternate Title:** October 2008 release

## Completion/Publication

**Year of Completion:** 2008
**Date of 1st Publication:** October 13, 2008
**Nation of 1st Publication:** United States

## Author

- **Author:** Global Ground Automation, Inc.
  **Author Created:** computer program
  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Global Ground Automation, Inc.
333 Meadowlands Parkway, 1st Floor, Secaucus, NJ, 07094

## Limitation of copyright claim

**Material excluded from this claim:** computer program

**New material included in claim:** computer program

## Certification

**Name:** Justin A. MacLean, Esq.
**Date:** February 10, 2015
**Applicant's Tracking Number:** 076840.010023

---



**Registration #:** TX0007971030
**Service Request #:** 1-2130817872

Greenberg Traurig, LLP
Monica Hernandez
1900 University Avenue
5th Floor
East Palo Alto, CA 94303

